UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2930 CAS (PLAx) | Date | January 12, 2011 |
|---|---|---|---|
| Title | EXPORT-IMPORT BANK OF THE UNITED STATES v. UNITED CALIFORNIA DISCOUNT CORP. DBA UNITED NEVADA TRADE INTERNATIONAL, DBA UNITED CALIFORNIA FACTORS, AND DBA UNITED CALIFORNIA TRADE FINANCE | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers:) PLAINTIFF'S MOTION FOR PREJUDGMENT INTEREST, ATTORNEYS' FEES, AND EXPENSES (filed 9/10/10)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15.

**I.     INTRODUCTION**

On April 27, 2009, plaintiff Export-Import Bank of the United States ("Ex-Im") filed the instant action against defendant United California Discount Corp. dba United Nevada Trade International, dba United California Factors, and dba United California Trade Finance ("UCDC") alleging claims for: (1) wrongful dishonor of standby letters of credit; (2) breach of contract; and (3) unjust enrichment.

On December 7, 2010, the Court issued an amended order granting in part and denying in part the parties' cross-motions for summary judgment.[1] See Dkt. 58. Specifically, the Court granted Ex-Im's motion for summary judgment on its claims for wrongful dishonor of standby letters of credit and breach of contract, and granted

---

[1] The December 7, 2010 order amended the Court's order granting in part and denying in part the parties' cross-motions for summary judgment issued on August 31, 2010. See Dkt. 48.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2930 CAS (PLAx) | Date | January 12, 2011 |
|---|---|---|---|
| Title | EXPORT-IMPORT BANK OF THE UNITED STATES v. UNITED CALIFORNIA DISCOUNT CORP. DBA UNITED NEVADA TRADE INTERNATIONAL, DBA UNITED CALIFORNIA FACTORS, AND DBA UNITED CALIFORNIA TRADE FINANCE | | |

UCDC's motion for summary judgment on Ex-Im's third claim for unjust enrichment. The Court found that Ex-Im was entitled to an award of prejudgment interest on the principal amount of $660,209.60 from May 23, 2003, the date of UCDC's wrongful dishonor of the standby letters of credit. The Court directed Ex-Im to calculate prejudgment interest in accordance with the order, and submit a proposed judgment to the Court.

On September 10, 2010, Ex-Im filed a motion for an award of prejudgment interest, attorneys' fees, and litigation expenses. On October 12, 2010, UCDC filed an opposition to Ex-Im's motion. Ex-Im replied on October 18, 2010. On December 16, 2010, Ex-Im filed a proposed judgment recalculating prejudgment interest pursuant to the Court's December 7, 2010 order. On December 21, 2010, UCDC filed objections to Ex-Im's proposed judgment. After carefully considering the arguments set forth by both parties, the Court finds and concludes as follows.

**II.    PREJUDGMENT INTEREST**

In the December 7, 2010 order, the Court found that Ex-Im is entitled to an award of prejudgment interest on the principal amount of $660,209.60 from May 23, 2003, the day of UCDC's wrongful dishonor of the standby letters of credit. The Court directed Ex-Im to compute prejudgment interest based upon "the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System." 28 U.S.C. § 1961(a).[2]

In its proposed judgment submitted on December 16, 2010, Ex-Im agrees to UCDC's methodology of calculating prejudgment interest. See Dkt. 59, Ex-Im's Notice

---

[2] "Interest shall be allowed on any money judgment in a civil case recovered in a district court. . . . Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding." 28 U.S.C. § 1961(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2930 CAS (PLAx) | Date | January 12, 2011 |
|---|---|---|---|
| Title | EXPORT-IMPORT BANK OF THE UNITED STATES v. UNITED CALIFORNIA DISCOUNT CORP. DBA UNITED NEVADA TRADE INTERNATIONAL, DBA UNITED CALIFORNIA FACTORS, AND DBA UNITED CALIFORNIA TRADE FINANCE | | |

of Lodging of Proposed Judgment at 2. Accordingly, Ex-Im and UCDC submit that the appropriate rate of interest is a constant rate of 1.20%, the weekly average 1-year constant maturity Treasury yield for the calendar week of May 16, 2003, the week preceding UCDC's wrongful dishonor of the standby letters of credit.[3] In accordance with the parties' agreed upon methodology, the Court awards prejudgment interest as follows:

> 2791 days (May 23, 2003 through January 12, 2010) x $660,209.60 x 1.2 divided by 365 = $60,580.11.

Accordingly, the Court awards prejudgment interest to Ex-Im in the amount of $60,580.11.

## III. ATTORNEYS' FEES AND COSTS

Ex-Im requests an award of attorneys' fees in the amount of $58,600.00 and litigation expenses in the amount of $8,961.93. Mot. at 2, 8–9.

Generally, litigants are "required to bear the expenses of their litigation unless a statute or private agreement provides otherwise." Carbonell v. INS, 429 F.3d 894, 897–98 (9th Cir. 2004). Ex-Im argues that it is entitled to attorneys' fees under Cal. Com. Code §§ 5111(a) and (e).[4] Id. The plain language of section 5111(e) of the

---

[3] Although it did not challenge Ex-Im's right to prejudgment interest at summary judgment, UCDC belatedly asserts that Ex-Im is not entitled to any amount of prejudgment interest. See Dkt. 60 at 3–4. The Court has already determined that prejudgment interest should be awarded in this case. Thus, the only remaining issue is the proper calculation of the amount.

[4] The California Commercial Code provides, in relevant part:

> (a) If an issuer wrongfully dishonors or repudiates its obligation to pay money under a letter of credit before presentation, the beneficiary,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2930 CAS (PLAx) | Date | January 12, 2011 |
|---|---|---|---|
| Title | EXPORT-IMPORT BANK OF THE UNITED STATES v. UNITED CALIFORNIA DISCOUNT CORP. DBA UNITED NEVADA TRADE INTERNATIONAL, DBA UNITED CALIFORNIA FACTORS, AND DBA UNITED CALIFORNIA TRADE FINANCE | | |

California Commercial Code requires the Court to award "[r]easonable attorney's fees and other expenses of litigation" to "the prevailing party in an action in which a remedy is sought under this article." Cal. Com. Code § 5111(e). A claim for wrongful dishonor of standby letters of credit is an action for a remedy under Article 5. See Cal. Com. Code § 5108(a) ("Except as otherwise provided in Section 5109, an issuer shall honor a presentation that . . .appears on its face strictly to comply with the terms and conditions of the letter of credit."); San Diego Gas & Elec. v. Bank Leumi, 42 Cal. App. 4th 928, 933–34 (1996) (wrongful dishonor claim properly brought under Article 5 of the California Commercial Code); see also Amwest Sur. Ins. Co. v. Concord Bank, 248 F. Supp. 2d 867, 884–85 (E.D. Mo. 2003) (prevailing party on a wrongful dishonor claim entitled to reasonable attorneys' fees under Missouri statute identical to Cal. Com. Code § 5111(e)).[5] Furthermore, there can be no doubt that Ex-Im is the prevailing party on its

---

successor, or nominated person presenting on its own behalf may recover from the issuer the amount that is the subject of the dishonor or repudiation.

\* \* \* \* \*

(e) Reasonable attorney's fees and other expenses of litigation must be awarded to the prevailing party in an action in which a remedy is sought under this article.

Cal. Com. Code §§ 5111(a) and (e).

[5] UCDC maintains that the International Standby Practices 98 ("ISP98"), incorporated by reference into the standby letters of credit at issue, do not provide for the recovery of attorneys' fees. Opp'n at 8. UCDC fails to cite and the Court is not aware of any provision of the ISP98 that prohibits a prevailing party from recovering attorneys' fees. Because the provisions of the ISP98 merely "supplement the applicable law to the extent not prohibited by that law," the Court applies the relevant provisions of the California Commercial Code. See ISP98 § 1.02(a). UCDC further argues that Ex-Im is not entitled to attorneys' fees pursuant to Cal. Com. Code § 5111(a) because that section requires an alleged wrongful dishonor to have occurred *before* presentation of a payment demand, and UCDC did not dishonor the letters of credit before presentation. Opp'n at 8. UCDC's argument overlooks the fact that Ex-Im is entitled to recover attorneys' fees

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2930 CAS (PLAx) | Date | January 12, 2011 |
|---|---|---|---|
| Title | EXPORT-IMPORT BANK OF THE UNITED STATES v. UNITED CALIFORNIA DISCOUNT CORP. DBA UNITED NEVADA TRADE INTERNATIONAL, DBA UNITED CALIFORNIA FACTORS, AND DBA UNITED CALIFORNIA TRADE FINANCE | | |

claim for breach of wrongful dishonor of standby letters of credit. See Dkt. 58. Accordingly, the Court concludes that Ex-Im is entitled to attorneys' fees.

Once a court determines that attorneys' fees are appropriate, the standard the court applies in calculating an award of attorneys' fees is that of "reasonableness." Under both California law and Ninth Circuit authority, a determination of reasonableness requires the court to first calculate a "lodestar figure" by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate. See Ketchum v. Moses, 24 Cal. 4th 1222, 1231–32 (2001); McGrath v. County of Nev. 67 F.3d 248, 252 (9th Cir. 1994). The Court may then adjust the lodestar upward, through a fee enhancer or "multiplier," or downward based on an evaluation of certain criteria. See id. Ex-Im does not seek a fee enhancement in this case. See Reply at 4.

Ex-Im is represented in this action by the United States Attorneys Office. Assistant United States Attorneys are paid a salary and do not bill client agencies of the United States for their services on an hourly or any other basis. See Declaration of Brent A. Whittlesey (Whittlesey Decl.) ¶ 3. Nevertheless, Ex-Im's counsel has recreated estimated time records for the litigation based on a review of the pleadings filed in the case and time devoted to discovery. See Ex-Im's Ex. B. Ex-Im estimates that its counsel has devoted 146.5 hours to this litigation and requests an award of attorneys' fees based on an hourly rate of $400.[6] Mot. at 4, 7; Ex-Im's Ex. B.

UCDC responds that the Court should limit attorneys' fees to the amount agreed upon between Ex-Im and the Department of Justice – three percent of the amount recovered by Ex-Im. Opp'n at 9. UCDC asserts that Ex-Im's managing director, Richard

---

under subsection (e) of section 5111, which does not condition such recovery on whether the wrongful dishonor occurred before or after receipt of a demand for payment. See Cal. Com. Code § 5111(e).

[6] Ex-Im's counsel represents that Assistant United States Attorneys do not bill an hourly rate for their services, but that the actual out of pocket cost to the government for the time of Assistant United States Attorneys is $74.46 per hour. Mot. at 6, 6 n.2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2930 CAS (PLAx) | Date | January 12, 2011 |
|---|---|---|---|
| Title | EXPORT-IMPORT BANK OF THE UNITED STATES v. UNITED CALIFORNIA DISCOUNT CORP. DBA UNITED NEVADA TRADE INTERNATIONAL, DBA UNITED CALIFORNIA FACTORS, AND DBA UNITED CALIFORNIA TRADE FINANCE | | |

Brackley, explained in a deposition that the Department of Justice charges Ex-Im three percent of any recoveries on all cases that the Department of Justice handles for Ex-Im. Id. (citing Declaration of Ivan L. Tjoe, Ex. 3). Thus, according to UCDC, Ex-Im's counsel should only be allowed to recover $19,806.29 in attorneys' fees – three percent of Ex-Im's $660,209.60 recovery. Id. UCDC argues that permitting Ex-Im to recover attorneys' fees of $400 per hour would result in an unreasonable lodestar multiplier of 2.96. Id. at 10–11 (citing Pellegrino v. Robert Half Int'l, Inc., 182 Cal. App. 4th 278, 290–91 (2010); Graham v. Daimler Chrysler Corp., 34 Cal. 4th 553, 579 (2004)).

The Court finds that $400 per hour is a reasonable market rate to compensate an attorney of Ex-Im counsel's experience.[7] See Welch v. Metro. Life Ins. Co., 480 F.3d 942, 946 (9th Cir. 2007) ("Billing rates 'should be established by reference to the fees that private attorneys of an ability and reputation comparable to that of prevailing counsel charge their paying clients for legal work of similar complexity.'") (quoting Davis v. City and County of San Francisco, 976 F.2d 1536, 1549 (9th Cir. 1992), vacated in part on other grounds, 984 F.2d 345 (1993)). The Court rejects UCDC's argument that the amount of attorneys' fees must be limited to three percent of Ex-Im's recovery based on Ex-Im's arrangement with the Department of Justice. Internal governmental rules allocating cost sharing among federal agencies are irrelevant to the question of whether the proposed attorneys' fees and expenses are reasonable. Moreover, UCDC has failed to present any evidence suggesting that the rate proposed by Ex-Im's counsel is unreasonable. Contrary to UCDC's argument, Ex-Im does not seek a multiplier of the lodestar in this case. The Court has also reviewed Ex-Im counsel's time entries and litigation expenses and finds the hours submitted and expenses stated to be reasonable.

**IV.     CONCLUSION**

---

[7] As evidence of the reasonableness of its proposed hourly rate, Ex-Im offers the affidavit of Brent A Whittlesey, the Assistant United States Attorney assigned to the case. Whittlesey's declaration recites his experience, including a federal clerkship, working in private practice, and more than nineteen years as an Assistant United States Attorney. See Whittlesey Decl. ¶¶ 9–10.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2930 CAS (PLAx) | Date | January 12, 2011 |
|---|---|---|---|
| Title | EXPORT-IMPORT BANK OF THE UNITED STATES v. UNITED CALIFORNIA DISCOUNT CORP. DBA UNITED NEVADA TRADE INTERNATIONAL, DBA UNITED CALIFORNIA FACTORS, AND DBA UNITED CALIFORNIA TRADE FINANCE | | |

In accordance with the foregoing, the Court hereby GRANTS Ex-Im's motion for an award of prejudgment interest, attorneys' fees, and litigation expenses. After carefully reviewing the parties submissions calculating prejudgment interest and Ex-Im's counsel's time entries and litigation records, the Court issues the following awards in favor of plaintiff Ex-Im:

- $660,209.60 as a result of UCDC's wrongful dishonor of standby letters of credit

- $60,580.11 in prejudgment interest

- $58,600.00 in attorneys' fees

- $8,961.93 in litigation expenses

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |